UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
SOUTHERN DIVISION

JAMES WAHL

Plaintiff,

V.                                              CIVIL ACTION NO.

SUPERIOR ASSET MANAGEMENT, INC.

Defendant.                                      OCTOBER 7, 2008

## COMPLAINT

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff James Wahl, as an individual consumer, against Defendant Superior Asset Management, Inc. hereinafter ("SAMI") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k (d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in

this District is proper in that the defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

3. Plaintiff James Wahl is a natural person residing in Chesapeake Beach, County of Calvert and the State of Maryland.

4. Defendant, SAMI, is a foreign corporation engaged in the business of collecting debts in the State of Maryland with its principal place of business located at 1000 Aberthany Road, NE #400-165, Atlanta, Georgia 30328, and is authorized to do business in Maryland. The principal purpose of Defendant business is the collection of debts in this State and defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

### IV. FACTUAL ALLEGATIONS

6. On or about March 2008, SAMI was regularly contacting plaintiff in an attempt to collect a debt alleged owed to Bank of America.

7. On or about March, 2008 Plaintiff made payment arrangements with SAMI and agreed that he would make monthly installment payments in the amount of $181 for a short term.

8. Plaintiff was financially unable to make the installment payment due on or about July 2008, and contacted SAMI to advise it, not to cash the previously posted dated check.

9. Based on information and belief SAMI failed to provide the plaintiff notice pursuant to § 1692f(2) by accepting or soliciting a postdated check by more than 5 days without 3 business days written notice of intent to deposit said check.

10. Plaintiff was contacted by SAMI and misrepresented to him that SAMI would talk to the bank and have them waive the "bounced" check fees.

11. SAMI informed plaintiff that "we have very serious laws in Georgia" which left plaintiff intimidated that SAMI was going to take civil or criminal action against him.

12. SAMI contacted plaintiff and left voice mail messages, that failed to include the required notice pursuant to 15 U.S.C. § 1692e(11).

V.  CLAIM FOR RELIEF

13. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

14. In the collection efforts, SAMI violated the FDCPLA, inter alia, § 1692e(11).

(b) Violation of §1692f (2)  accepting a post-dated check of more than five days, unless such person is notified in writing of the debt collector's intent to deposit such check or instrument not more than ten nor less than three business days prior to such deposit.

(c) Violation of 1692e (7) the false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer.

15. As a result of the foregoing violations of the FDCPA, SAMI is liable to the plaintiff James Wahl for declaratory judgment that SAMI's conduct violated the FDCPA, actual damages, statutory damages, costs and attorney's fees.

WHEREFORE, Plaintiff respectfully requests that judgment is entered against defendant SAMI for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA;

B. Actual damages;

C. Statutory damages pursuant to 15 U.S.C. § 1692k;

D. Costs and reasonable attorney's fees pursuant to 15 US. 1692k (3).

E. For such other and further relief as the Court may deem just and proper.

THE PLAINTIFF

BY *[signature]*

Bernard T. Kennedy
The Kennedy Law Firm
P.O. Box 657
Edgewater, MD 21037-0657
Fed. Bar # Md26843
(443) 607-8901 Phone
(443) 607-8903 Fax
bernardtkennedy@yahoo.com